IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NORMA PANTOJA and )
JANETHA ADRIANA BARRAGA CRUZ )
        Plaintiffs )
)
v. ) Case No. 3:17-cv-0675
)
JEAN PEREZ, JESUS ENRIQUE BOLAÑOS )
RANGEL, EMILIO ESTEFFAN RODRIGUEZ, )
GESTORIA BOLAÑOS & ASOCIADOS, )
GRUPO ADUANAL LATINO, LLC, )
        Defendants )

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

    Norma Oralia Pantoja and Janeth Adriana Barragan Cruz ("Plaintiffs") commenced this civil action by filing a complaint on April 4, 2017 (Docket No. 4), in which they set out claims for relief under: 1) the Federal Civil Racketeer Influenced and Corrupt Organizations Act; 2) the Fair Labor Standards Act; 3) the Tennessee Public Protection Act; and 4) Tennessee common law.

    Plaintiffs named five Defendants in their complaint. However, four[1] of these Defendants were dismissed from the action without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiffs failed to serve process upon them. *See* Order entered September 7, 2017 (Docket Entry No. 12). Although Plaintiffs filed a return of service of summons indicating service on Defendant Jean Perez by certified mail delivered on April 8, 2017, *see* Docket Entry

---

[1] Jesus Enrique Bolaños Rangel (aka Kike Ranger); Emilio Esteffan Rodriguez; Gestoria Bolaños & Asociados; and, Grupo Aduanal Latino, LLC.

No. 8, Defendant Perez has not answered or otherwise responded to the complaint. *See* Order entered September 15, 2017 (Docket Entry No. 13).

The Court set an initial case management conference for October 30, 2017. *See* Order entered September 15, 2017 (Docket Entry No. 13). However, neither counsel for Plaintiffs nor Defendant Perez, either *pro* se or through counsel, appeared at the case management conference. Additionally, neither party filed a proposed initial case management order prior to the hearing, as they had been directed to do by the Court, or contacted the Court in any manner about the case management conference or the case. Accordingly, on October 31, 2017, the Court issued a show cause order requiring Plaintiffs to show cause by November 14, 2017, why a recommendation should not be made to the District Judge for dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiffs' failure to obey the Court's order regarding the initial case management conference and failure to prosecute. *See* Order entered October 31, 2017 (Docket Entry No. 16). Plaintiffs were specifically advised that their failure to show cause by that date would result in a recommendation to the District Judge that their case be dismissed. Plaintiffs have not responded to the show cause order.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure further permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiffs' failure to comply with the specific directives from the Court. Plaintiffs ignored the Court's directive to them to file a proposed case management order and to appear at the initial case management conference. Further, Plaintiffs failed to respond in any manner to the show cause order issued by the Court subsequent to their failure to appear at the scheduled case management conference. Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by Plaintiffs' failure to prosecute and their failure to respond to the specific directives of the Court. Plaintiffs were specifically warned about the consequences of failing to respond to the show cause order. The Court should not be required to expend any further resources in the action given Plaintiffs' failure to prosecute, and a sanction lesser than dismissal is not warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See*

---

[1] The 14 day period for filing objections to this Report and Recommendation will give Plaintiffs yet another opportunity to indicate their interest in prosecuting this case.

*Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

4