**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **NORMA PANTOJA and** | ) | |
| **JANETHA ADRIANA BARAGAN** | ) | |
| **CRUZ,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **NO. 3:17-cv-00675** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **JEAN PEREZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiffs' Objections to the Report and Recommendation issued by the Magistrate Judge. (Doc. No. 18.)

In this case, the Magistrate Judge set an initial case management conference for October 30, 2017. (Doc. No. 13.) However, neither counsel for Plaintiffs nor Defendant Perez (the only remaining Defendant), either pro se or through counsel, appeared. Additionally, neither party filed a proposed initial case management order prior to the hearing, as they had been directed to do by the Court, or contacted the Court in any manner about the case management conference or the case. Accordingly, on October 31, 2017, the Magistrate Judge issued a show cause order requiring Plaintiffs to show cause by November 14, 2017, why a recommendation should not be made to the District Judge for dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiffs' failure to obey the Court's order regarding the initial case management conference and failure to prosecute. (Doc. No. 16.) Plaintiffs did not respond to the show cause order. On November 27, 2017, the Magistrate Judge issued a Report and Recommendation suggesting dismissal of this action, pursuant to Rule 16(f)(1) and Rule 41(b), due to Plaintiffs'

failure to comply with specific directives from the Court. (Doc. No. 17.) The Magistrate Judge noted that "[t]he 14 day period for filing objections to this Report and Recommendation will give Plaintiffs yet another opportunity to indicate their interest in prosecuting this case." (Id. at 3.)

Plaintiffs have timely objected and made known their interest in prosecuting this case. (Doc. No. 18.) Plaintiffs' counsel has represented that the failure to attend the initial case management conference and to timely submit a response to the Magistrate Judge's show cause order was entirely his own. Counsel states that he was in Louisiana representing a detainee in immigration proceedings. Counsel further states that notifications from CM-ECF were accidentally filtered by his e-mail service and, subsequently, never appeared in his inbox. Counsel states that he did not notice this problem at the time because he was overwhelmed preparing for six final asylum hearings that occurred in the first three weeks of October. Counsel acknowledges that "[t]his does not excuse the failure to respond timely, and the undersigned attorney takes responsibility for the failure to diligently prosecute his client's case." (Id. at 1-2.)

It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626 (1961). However, in this instance, it appears to the Court that, based on the representations of Plaintiffs' counsel, at this preliminary stage of the case, the drastic sanction of dismissal may not best serve the interests of justice. However, neither the Court nor the Magistrate Judge will tolerate any further lapses in judgment by Plaintiffs' counsel. Accordingly, Plaintiffs' Objections (Doc. No. 18) are **SUSTAINED**. The Report and Recommendation (Doc. No. 17) is **SET ASIDE**. This case is **RETURNED** to the Magistrate Judge for the scheduling of an initial case management conference. If Plaintiffs' counsel fails to attend any required conferences or meet any other significant deadlines, the Magistrate Judge shall, after providing proper process, issue another Report and Recommendation.

2

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE