# IN THE UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Norma Pantoja and Janetha Adriana Barrage Cruz, | ) ) ) Case No. 3:17-cv-0675 |
| Plaintiffs, | ) ) Judge Crenshaw |
| v. | ) Magistrate Judge Holmes ) |
| Jean Perez, | ) ) |
| Defendant. | ) |

## **DENIAL OF ENTRY OF DEFAULT**

Pending is Plaintiffs' Motion for Default Judgment against Defendant (Docket Entry No. 24). The motion is denied for the following reasons:

1. The grant of a default judgment is a two-part process and no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). *U.S. v. $22,050.00 U.S. Currency,* 2008 WL 4093066 at page 3 (M.D. Tenn. Aug. 26, 2008)*; Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Plaintiffs have not requested entry of default.

2. Plaintiffs have not provided an affidavit of military service as required by the Servicemembers Civil Relief Act of 2003 (50 App. U.S.C. 501 et seq.). The Servicemembers Civil Relief Act requires that affidavits be submitted that "state whether or not the Defendant is in military service and showing facts necessary to support the affidavit". Information on the military status of an individual can be obtained at the Department of Defense website at https://scra.dmdc.osd.mil/scra/. A sworn statement or declaration providing facts demonstrating that the defendant is not in the military service also could be accepted. Factors such as the age of Defendant if beyond the age for service or full-time employment in another position can be considered.

3. Service has not been confirmed to the Clerk's satisfaction. A return of service was filed (Docket Entry No. 8), but the signature of the individual signing the certified mail return receipt is illegible. No printed name is provided in Section B of the receipt. In addition, it is unclear to the Clerk that the address used is an appropriate one. If Plaintiffs file a request for entry of default as noted above, an affidavit should be included that identifies the address used and its connection to Defendant. Plaintiffs should also, to the extent possible, establish that the signer of the return receipt is an authorized agent to receive process for Defendant. In addition, the certificate of service attached to the motion for default judgment does not include the address at which the Defendant was served and is therefore defective.

4. As noted by the Court (Docket Entry No. 25), the motion seeks damages that are not of a sum certain and no affidavit as to damages has been included. Following the entry of default, if sought by Plaintiffs, a motion for default judgment seeking a hearing on damages should be filed to determine if all requested relief is awardable.

For the foregoing reasons, the motion is denied.

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court