IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NORMA PANTOJA and )
JANETHA ADRIANA BARRAGA CRUZ )
)
v. ) NO. 3:17-0675
)
JEAN PEREZ a/k/a Jeanette Perez Bolanos )
a/k/a Jean Perez Delgado a/k/a Jean Rodriguez )

**O R D E R**

Pending before the Court is Plaintiffs' motion to continue (Docket No. 27), which is CONDITIONALLY GRANTED as provided herein. Plaintiffs and their counsel are hereby put on notice that any failure of their counsel to comply with the provisions of this Order will result in a recommendation to the District Judge for dismissal of this case with prejudice.

The events leading up to Plaintiffs' motion are important to the entire picture of the accommodations extended to Plaintiffs' counsel and the judicial resources expended in management of this case, which has now been pending more than a year. Docket No. 1 (complaint filed on April 4, 2017). An initial case management conference was originally set for June 5, 2017. However, by June 2, Plaintiff had filed a return of service for only one defendant, Jean Perez, and no proposed initial case management order had been submitted. The initial case management conference was therefore continued to July 31, 2017, by order entered on June 2, 2017. *See* Docket No. 9. On the morning of July 31, the undersigned's chambers were notified that Plaintiffs' attorney would be unable to attend the initial case management conference due to illness. *See* Docket No. 10. Because no other returns of service were filed during the interim between June 2 and July 31, 2017, Plaintiffs were also notified that unless by August 14, 2017, returns of service

were filed for all Defendants other than Jean Perez showing that service was effected within the time allowed by Fed. R. Civ. P. 4(m), a recommendation would be made to the District Judge for dismissal of Plaintiffs' claim against all other Defendants. *Id*. No such returns of service were filed, and on August 17, 2017, a report and recommendation was made for dismissal of all Defendants other than Jean Perez. Docket No. 11. No response to the report and recommendation was filed, and by order entered on September 7, 2017 (Docket No. 12), all other Defendants were dismissed.

On September 15, 2017, an order was entered directing Defendant Perez to answer by October 2, 2017, and resetting the initial case management conference for October 30, 2017. Docket No. 13. Plaintiffs' attorney failed to appear on that date, and no appearance was made on behalf of Defendant Perez. *See* Order to Show Cause at Docket No. 16. An order to show cause was issued on October 31, 2017, ordering Plaintiffs to show cause on or before November 14, 2017, why a recommendation should not be made to the District Judge for dismissal of this case for failure to prosecute and failure to obey the Court's orders. *Id*.

No response to the show cause order was filed, and on November 27, 2017, a recommendation of dismissal was made to the District Judge. Docket No. 17. On December 11, 2017, Plaintiffs objected to the report and recommendation of dismissal, on grounds that their attorney was experiencing difficulties with his CM/ECF electronic notifications and was also overwhelmed with other cases. Docket No. 18. Plaintiffs' objections were sustained by order entered on December 15, 2017, and the report and recommendation was set aside, but Plaintiffs were put on notice that the Court would not tolerate any further lapses in judgment by Plaintiffs' counsel. Docket No. 19.

2

Case 3:17-cv-00675  Document 28  Filed 04/24/18  Page 2 of 5 PageID #: 90

By order entered on December 18, 2017, the initial case management conference was again reset on January 22, 2018. Docket No. 20. On January 17, 2018, Plaintiffs' counsel moved to continue this setting due to a conflicting immigration asylum hearing on January 22. Docket No. 22. The initial case management was yet again rescheduled, this time for February 7, 2018. Docket No. 23.

On February 6, 2018, Plaintiffs' counsel moved for default judgment (even though no default had yet been entered). Docket No. 24. At the initial case management conference held on February 7, at which Plaintiffs' counsel appeared, the Court discussed with Plaintiffs' counsel the obvious defects in the motion for default judgment, including the lack of a proper affidavit of service, lack of certification of Defendant Perez's military status, and lack of evidence of computable sum certain damages. *See* Docket No. 25. To allow Plaintiffs' attorney additional time to address these deficiencies, the initial case management conference was reset (yet again) for April 19, 2018, and Plaintiffs were expressly cautioned to "promptly proceed with whatever default relief they seek in this case, and should not wait until days before the rescheduled case management conference before taking action to bring this case to a conclusion." *Id*. at 25.

By order entered on February 9, 2018 (Docket No. 26), the Clerk denied Plaintiffs' motion for default judgment for the same reasons discussed with Plaintiffs' counsel during the February 7 initial case management conference and recited in the Court's February 8 order. The Clerk's order also described for Plaintiffs' benefit, and that of their counsel, the exact steps that needed to be taken prior to filing any motion for entry of default.

However, no other action was taken by Plaintiffs during the interim between February 8 and April 19, 2018, the date of the rescheduled initial case management conference. No appearance was made by Plaintiffs' counsel at the scheduled time of 11:00 a.m. on April 19 for the initial case management conference. Instead, according to the CM/ECF docket transaction for Docket Entry

3

No. 27, at 11:25 p.m. on April 19, Plaintiffs' counsel filed a motion to continue (Docket No. 27), reciting that he was again ill, and again overwhelmed by other client commitments.

The Court finds that Plaintiffs' attorney has failed to comply with multiple court orders and failed to appear for multiple scheduling conferences, from each of which, and certainly from all of which together, the imposition of sanctions under Fed. R. Civ. P. 16(f)(1) is warranted. While the undersigned appreciates the challenges facing small office practitioners, and is mindful of the interests of justice for Plaintiffs, at this point, the amount of attention given to this case by the Court appears to far outweigh that given by Plaintiffs' counsel. Accordingly, the Court orders the following:

1. By no later than **May 4, 2018**, Plaintiffs shall file an appropriate motion under Rule 55. Plaintiffs' counsel should carefully prepare the necessary filings, because no further defects or deficiencies will be tolerated. **Failure to file a timely and fully compliant Rule 55 motion for default will result in recommendation for dismissal of this case.** If default is entered by the Clerk, Plaintiffs shall thereafter timely and fully comply with further orders of either the Clerk or the Court for entry of judgment. **Failure to timely and fully comply with further orders necessary for any requested default judgment will result in recommendation for dismissal of this case.**

2. Plaintiffs' counsel shall complete a minimum one-hour accredited law practice management continuing legal education course, which specifically includes a component of time management, and provide certification of completion by no later than **July 6, 2018**. **Failure by Plaintiffs' counsel to timely file certification of the completed course will result in recommendation for dismissal of this case.**

3. To allow Plaintiffs ample time to properly pursue default relief, and for Plaintiffs' counsel to demonstrate compliance with this Order, the initial case management conference is RESCHEDULED for **Thursday**, **July 12, 2018, at 10:00 a.m.**, in Courtroom 764, 801 Broadway, Nashville, Tennessee. **No other motions to continue will be granted. Failure by Plaintiffs' counsel**

**to appear for the rescheduled initial case management conference will result in recommendation for dismissal of this case.**

4. Plaintiffs' counsel shall serve a copy of this Order on each Plaintiff, and shall by no later than **May 4, 2018**, file a certificate of service, certifying such service under penalty of perjury. **Failure by Plaintiffs' counsel to properly serve this Order or to timely file a proper certificate of service will result in recommendation for dismissal of this case.**

IT IS SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge